**Thomas Pearson for use of D. B. Yezner, Appellant, v. T. J. O'Gara et al., Trustees, Appellees.**

### (Not to be reported in full.)

Appeal from the City Court of Harrisburg; the Hon. WILLIAM H. PARISH, Jr., Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916. Rehearing denied May 25, 1916.

### Statement of the Case.

Garnishment proceedings by Thomas Pearson for the use of D. B. Yezner, plaintiff, against T. J. O'Gara, W. C. Niblock and William Weinand, trustees in bankruptcy of the O'Gara Coal Company, a corporation, bankrupt, defendants. From a judgment for defendants, plaintiff appeals.

At the time of the execution of the power of attorney and assignment Pearson was employed by the O'Gara Coal Company, but at the time of the serving of the garnishee process he was in the employ of the defendant trustees.

LEWIS, RONALDS & LEWIS, for appellant.

WHITLEY & COMBE, for appellees.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. ASSIGNMENTS, § 3*—*when assignment of wages invalid.* An employee cannot himself assign wages to be earned in a future employment for which he has not contracted at the time of the assignment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. ASSIGNMENTS, § 3*—*when assignment of wages by attorney in fact under power of attorney invalid.* An employee cannot by an attorney in fact authorized by a power of attorney entered into before a contract of employment was made assign his wages to be earned under such contract of employment.

3. PRINCIPAL AND AGENT, § 122*—*when acts of special agent valid.* Where a principal authorizes a special agent to perform an act in the name of the principal upon certain conditions, it devolves upon the agent to show those conditions were in existence at the time of the performance of the act, or afterwards waived.

4. ASSIGNMENTS, § 3*—*when assignment of wages invalid.* Where a special agent is only authorized to execute an assignment of wages under a power of attorney at a time when the principal was indebted to the assignee and no indebtedness existed at the time of the assignment, such assignment is invalid.